* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties before the Full Commission. The appealing party has not shown good grounds to receive further evidence or to rehear the parties or their representatives. Upon reconsideration of the evidence, the Full Commission affirms the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. National Grange Mutual Insurance Company provided workers' compensation coverage to SDR Services at the time of the accident that is the subject matter of this claim. *Page 2 
3. Plaintiff suffered serious, disabling injuries resulting from an accidental fall from a ladder at work on July 7, 2010.
4. The single issue for hearing is whether National Grange provided workers' compensation coverage that included Plaintiff at the time of the accident that is the subject matter of this claim.
5. If coverage for Plaintiff's injury exists, his claim would be compensable and he would be entitled to appropriate medical and disability benefits related to his claim.
 * * * * * * * * * * *
The following were marked and received into evidence by the Deputy Commissioner as:
 EXHIBITS (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Indexed Set of Paginated Exhibits
 (c) Defendants' Exhibit 1: Insurance Agent Log
 * * * * * * * * * * *
Based upon a preponderance of the evidence in view of the entire record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was forty-seven (47) years old as of the date of hearing. On September 1, 2009, he purchased SDR Services LLC (hereinafter, SDR), a maid and handyman service business. For the first few months after purchasing the business he primarily performed office work, and drew a limited salary. *Page 3 
2. Beginning January 2010, Plaintiff reduced his workforce and began doing more of the manual labor himself. Plaintiff placed himself on the business payroll effective January 2010, drawing a salary of $5,000.000 per month.
3. Upon the purchase of SDR, Plaintiff applied for and purchased a workers' compensation insurance policy from Central Carolina Insurance Agency (hereinafter, Central Carolina) in Mooresville, North Carolina with National Grange Mutual Insurance Company (hereinafter, National Grange) as the carrier of the policy. Plaintiff signed the application for workers' compensation insurance, which included an exclusion page that specifically excluded coverage for him as owner of the company.
4. Plaintiff testified that he reviewed the portion of the application indicating that he was being excluded from coverage. Plaintiff also testified that he had the opportunity to meet with a representative of Central Carolina to inquire about the policy's provisions including the exclusion provision. Plaintiff did not make any inquiries about the policy and did not object to being excluded from coverage.
5. Plaintiff testified that in February 2010, he hired more workers due to an increase in business and contacted Rita Leazer with Central Carolina to discuss adding the new employees to SDR's workers' compensation policy. Plaintiff was concerned about making the necessary premium payments and discussed his concerns with Ms. Leazer. He testified that Ms. Leazer advised him that as the owner of the company, he could not be added to the workers' compensation policy for coverage purposes. Plaintiff further testified that based on this information he did not take any further action to include himself on SDR's workers' compensation policy. *Page 4 
6. Ms. Leazer has worked for Central Carolina for 23 years and worked as SDR's commercial account manager since Central Carolina began handling their policy in 2009. Ms. Leazer's responsibilities include general monitoring of the account, taking initial applications and submitting them online to an insurance company, making sure issued policies match the applications, discussing policies with insured customers, and sending out annual reviews of policies.
7. Ms. Leazer maintained an SDR activity log while she managed SDR's account for Central Carolina. Ms. Leazer reviewed the SDR activity log and testified that based on the log entries, as well as her own memory, Plaintiff never asked her to be added to SDR's workers' compensation policy. She also testified that: (1) she never told Plaintiff that he could not be added onto the policy; (2) if Plaintiff had elected coverage under SDR's workers' compensation policy, it would have been reflected on the activity log and she would have obtained an inclusion form from Plaintiff; and, (3) the form would have been submitted to National Grange.
8. Virginia Anderson, the commercial lines underwriter for Main Street America Group/National Grange, worked on SDR's workers' compensation insurance application. Ms. Anderson testified that the application did not include Plaintiff; therefore, the policy was consistent with the application and was generated to exclude Plaintiff from coverage. Ms. Anderson also testified that no information was ever provided to her or anyone else with National Grange indicating that Plaintiff was to be included in the workers' compensation policy issued to SDR.
9. All of Plaintiff's communications regarding SDR's workers' compensation coverage was with Central Carolina. Plaintiff never called, wrote or otherwise contacted anyone with National Grange regarding his policy, and never had any communications related to a desire *Page 5 
to be included in coverage. Plaintiff never filled out any inclusion document, or rider, to include himself on the policy. He also did not send anything in writing to Central Carolina asking to be included under SDR's workers' compensation coverage or speak to anyone else about coverage.
10. The Full Commission affords greater weight to the testimony of Ms. Leazer that Plaintiff did not inquire about adding himself to SDR's workers' compensation policy, over Plaintiff's contrary testimony.
11. On July 7, 2010, Plaintiff suffered serious, disabling injuries resulting from an accidental fall from a ladder at work. Plaintiff is now a paraplegic.
12. On July 8, 2010, an employee of SDR contacted Ms. Leazer and informed her that on July 7, 2010 Plaintiff injured himself at work and wanted to inquire about his workers' compensation coverage. Ms. Leazer informed the employee that Plaintiff was excluded from coverage under SDR's workers' compensation policy.
13. The Full Commission finds that, although Plaintiff was a member of SDR's limited liability company, was actively engaged in the operation of SDR and was eligible to elect coverage under SDR's workers' compensation policy, Plaintiff specifically excluded himself from coverage. Therefore, workers' compensation insurance coverage for Plaintiff under SDR's workers' compensation policy, did not exist on the date of his injury.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a serious and disabling injury by accident arising out of and in the course of his employment on July 7, 2010. N.C. Gen. Stat. § 97-2 (6). *Page 6 
2. Pursuant to N.C. Gen. Stat. § 97-2 (2), a member of a limited liability company can elect to be included as an "employee" under the workers' compensation policy of his business, if he is actively engaged in the operation of the business and if the insurer has notice of such election. N.C. Gen. Stat. § 97-2 (2). Plaintiff was a member of SDR's limited liability company, was actively engaged in the operation of SDR and was eligible to be included under SDR's workers' compensation policy. Id.
3. The Full Commission concludes that Plaintiff failed to specifically elect coverage and include himself under SDR's workers' compensation policy. N.C. Gen. Stat. § 97-2 (2).
4. Although, National Grange provided workers' compensation coverage for SDR on July 7, 2010, Plaintiff was not covered under SDR's worker's compensation policy. Therefore, workers' compensation insurance coverage for Plaintiff did not exist on the date of his injury and Plaintiff is not entitled to benefits as an "employee" under the provisions of the North Carolina Workers' Compensation Act. Id.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This ___ day of November 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LINDA CHEATHAM COMMISSIONER
 S/___________________ TAMMY R. NANCE COMMISSIONER *Page 1